UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT D. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00187-JRG-DCP |
| | ) | |
| SOUTHERN HEALTH PARTNERS and | ) | |
| CLAIBORNE COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, a prisoner in the Claiborne County Jail, filed a pro se complaint for violation of his civil rights filed pursuant to 42 U.S.C. § 1983 based on allegations that Defendants had been deliberately indifferent to his serious medical needs [Doc. 1]. On June 18, 2019, the United States Marshals Service returned an executed summons for Defendant Claiborne County which stated that Defendant Claiborne County was served on June 12, 2019 [Doc. 7], but Defendant Claiborne County did not timely file an answer or otherwise respond to the complaint.

Accordingly, on August 16, 2019, the Court entered an order providing that Plaintiff would have twenty days from the date of entry of that order to show cause as to why this matter should not be dismissed for failure to prosecute based on his failure to request entry of default as to Defendant Claiborne County [Doc. 11]. Although the Clerk had previously notified Plaintiff that failing to update his address with the Court within fourteen days of any address change may result in dismissal of this case in a notice that Plaintiff appears to have received [Doc. 3 at 1] and the Court likewise had previously notified Plaintiff that failure to timely update his address may or will result in dismissal of this case in two orders that Plaintiff appears to have received [Doc. 4 at 2–3; Doc. 10 at 3], the United States Postal Service returned the mail containing this order to the

Court on August 30, 2019, with a notation indicating that Plaintiff is "no longer" in Claiborne County Jail, which is the last current address he provided to the Court [Doc 14; Doc 1].

Upon receiving this returned mail on August 30, 2019, the Clerk re-mailed the Court's show cause order to the permanent address listed in Plaintiff's complaint [Doc. 1 at 3; Doc 14 (Clerk's docket entry indicating that the Court's show cause order [Doc. 11] was re-mailed to Plaintiff's permanent home address on August 30, 2019)]. While Defendant Claiborne County filed an answer on August 27, 2019 [Doc 13], more than forty-five days have passed since the Court received returned mail from the last current address that Plaintiff provided to the court and the Clerk re-mailed the Court's show cause order to Plaintiff at his permanent address and Plaintiff has not complied with the show cause order, filed a notice of change of address, or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to provide the Court with notice of his change of address and failure to respond to the show cause order are due to Plaintiff's

willfulness or fault. Specifically, as set forth above, both the Clerk and the Court repeatedly warned Plaintiff that failure to timely notify the Court of any address change may or will result in dismissal of this matter, but the record establishes that Plaintiff did not timely notify the Court that he was released from Claiborne County Jail. Further, while it appears that Plaintiff received the Court's show cause order regarding his failure to request default as to Claiborne County at his permanent home address, he has not responded to this order or otherwise communicated with the Court, and the time for doing so has passed.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, again, both the Clerk and the Court warned Plaintiff that the Court may or will dismiss this case if he failed to file a notice of change of address with the Court within fourteen days of such a change [Doc. 3 at 1; Doc. 4 at 2–3; Doc. 10 at 3]. While the Court did not warn Plaintiff that failure to respond to the show cause order would result in dismissal of this case [Doc. 11], his failure respond to this show cause order in addition to his failure to timely notify the Court of his change in address further establishes that Plaintiff has chosen not to pursue this case. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 4] and he has not pursued this case since returning his completed service packets more than four months ago [Doc. 5].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this case pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE